Independent Bridge Company, for use, *v.* Ætna Casualty & Surety Co., Appellant.

Argued March 25, 1935. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*E. C. Higbee,* of *Higbee, Matthews & Lewellyn,* with
him *Edwin W. Smith,* of *Reed, Smith, Shaw & McClay,*
and *John C. Bane, Jr.,* for appellant.

*T. L. Morgan,* for appellee.

OPINION BY MR. JUSTICE MAXEY, April 22, 1935:

This is an action of assumpsit by a third party against
the surety on a construction contract bond which was
conditioned among other things that the principal should
pay certain claims of third parties. On or about April
15, 1925, the Independent Bridge Company contracted

with or employed the H. B. Mish Company, a Pennsylvania corporation, as a subcontractor to provide materials and to construct the substructure and bridge approaches of a highway bridge known as the Inter-county Bridge over the Monongahela River near Masontown, joining Fayette and Greene Counties. Thereafter on May 22, 1925, by its bond or a certain instrument in writing, the defendant entered into an agreement as surety for the H. B. Mish Company as principal, by the terms of which defendant did severally covenant and agree with the Independent Bridge Company as follows, to wit: "That any person or persons having a claim for any sum alleged to be due by said principal for any labor or material furnished in or about the construction of said contract, which shall have remained unpaid for a period of sixty days after the completion and performance of above mentioned contract and acceptance by the two counties of the work done thereunder, shall have the right to bring suit upon this obligation and to recover any sums as may be justly and legally due him or them. Such suits may be brought in the name of the Independent Bridge Company for the use of the person or persons having such claim and no suit shall be a bar to other suits but as many suits may be brought upon this obligation as there shall be persons having claims aforesaid provided that the aggregate of all the judgments thereon shall not exceed the penal sum aforesaid and provided that judgment in said suits shall be paid in order of priority of the institution thereof and all judgments obtained of suits brought on any one day shall share pro rata if the amount payable under this obligation be insufficient to pay the sum in full." On August 19, 1925, the use-plaintiff, R. E. Jackson, sold and delivered to H. B. Mish Company at the bridge site, 43,230 square feet of lumber at the price of $38 per 1,000 feet and one 55-foot gin pole for the price of $25. All of this lumber and material was used in the construction of the substructure and approaches of the Inter-county Bridge. This lumber and material was not

paid for and suit was instituted by the Independent Bridge Company for the use of R. E. Jackson to recover the sum of $1,667.74 with interest from December 23, 1925. A judgment was recovered in the court of common pleas and an appeal was taken to the Superior Court, which affirmed the judgment of the lower court after deducting the cost of the gin pole. This court allowed an allocatur.

The Superior Court in its opinion filed said: "The only question argued by the appellant on this appeal is that the lumber furnished was not material or labor within the meaning of the bond for the reason that said material did not become part of the completed structure. Undoubtedly the settled rule seems to be that the words 'Material furnished' for any structure, work or improvement in contracts of this kind apply only to such materials as go into and become component parts of the structure work or improvements contemplated and do not include machinery, tools, oils or appliances used for the purpose of facilitating the work nor does it include horses or stables used for such work, nor loss of time nor other expenditures for things which do not remain a component part of the finished whole," citing cases. That court said further: "The present contract contemplated the erection of the substructure and bridge approaches and provided specifically for the erection of cofferdams necessary in the construction of the piers. The language is in no sense restrictive but is broad and comprehensive enough to include work that the contract specifically provides shall be performed in the erection of the substructure or piers and if under the contract it was necessary for the contractor to do the specific thing for which the materials were furnished, we believe it to be within the language of the bond which provides that 'materials furnished in or about the construction of the contract' were on default of the principal to be paid for by the surety. . . . Clearly the term 'contract' has a much broader significance than 'improvement.' "

The legal questions raised in this case are precisely the same as those fully discussed and decided by us in Independent Bridge Company, for use, v. Ætna Casualty & Surety Co., 316 Pa. 266, 175 A. 644. In that case coal was furnished for firing the boilers. There after reviewing the opinions of this court in several cases we said: "In all these cases, though the provisions of the bond were as definite and comprehensive as in the bond now being interpreted, it was held that such provisions gave a right of action only to those who furnished to the principal on the bond material *actually incorporated in the completed job.* . . . In no case arising on contracts and bonds executed, as here, prior to the Public Works Act of 1931, indexed on page 1621 of the pamphlet laws of that year (see Concrete Products Co. v. U. S. Fid. & Guar. Co., 310 Pa. 158, at 164, 165 A. 492) has an appellate court permitted, on a record the same as or substantially similar to the one now before us, such a recovery as that obtained by the use-plaintiff in the judgment herein appealed from." We said further: "The use-plaintiff's claim is not strengthened by the fact that the surety bond in this case uses the phrase, 'Labor or material furnished in or about the construction of said *contract*' [italics supplied], instead of the word 'work' or 'improvement.' . . . The phrase 'construction of said contract' as used in the bond, plainly means the building and completion of the structure provided for in the contract. As used in this bond, 'contract' is synonymous with 'improvement' or 'work,' i. e., the bridge with its approaches. In another part of the bond the phrase 'construction of such improvement' is used instead of 'construction of said contract,' thereby indicating that in this bond the two words under discussion mean one and the same thing. The use of the term 'contract' instead of 'improvement' in one part of the bond has no significance whatever in enlarging the rights of the use-plaintiff in this suit."

The judgment is reversed and is here entered for the defendant.